SECOND DEPARTMENT, AUGUST, 1996

(August 5, 1996)

■ EILEEN B., Appellant, v ALFRED AZZONI et al., Defendants, and HUNTINGTON HOSPITAL, Respondent. [646 NYS2d 296] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated May 18, 1995, which, *inter alia,* granted the motion of the defendant Huntington Hospital for summary judgment dismissing the complaint as against it; and (2) a judgment of the same court, entered July 7, 1995, dismissing the complaint as against the defendant Huntington Hospital.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the defendant Huntington Hospital made a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case *(see, Winegrad v New York Univ. Ctr.,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff did not submit evidentiary facts or materials to rebut the prima facie showing by Huntington Hospital so as to demonstrate the existence of a triable issue *(see, Zuckerman v City of New York, supra).* Accordingly, the Supreme Court properly granted Huntington Hospital's motion for summary judgment. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.